Danny Jerome SIMS *v.* STATE of Arkansas

CR 80-161                          607 S.W. 2d 393

Supreme Court of Arkansas
Opinion delivered November 17, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Jackson Jones*, Deputy Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted in 1974 of first degree murder and received a life sentence. We reversed and remanded. *Sims* v. *State*, 258 Ark. 940, 530 S.W. 2d 182 (1975). Following our remand on the murder conviction, the trial court sentenced appellant to 21 years on his plea of guilty to a reduced charge of second degree murder to run consecutively to a total of 15 years he was already serving. Nearly three years later, appellant filed this *pro se* motion alleging he pled guilty to the reduced murder charge with the understanding the sentences would run concurrently. The trial court conducted a Rule 37 hearing at which appellant alone testified. On the basis of this testimony and the transcript from the prior hearing, the court found the consecutive sentence was correctly given. Appellant now raises the issue that his plea was not intelligently and voluntarily made. He argues that his negotiated plea of guilty to the reduced murder charge was without a full understanding on his part of the agreement reached by his counsel and the state, and there was insufficient compliance by the trial court with Arkansas Rules of Criminal Procedure, Rules 24 and 25. Consequently, his sentence should be modified so that it be concurrent rather than consecutive.

We have held that a "substantial, though not technical, compliance with these rules" is sufficient. The critical question, and the one presented here, is whether the plea was voluntary. *Simmons* v. *State*, 265 Ark. 48, 578 S.W. 2d 12 (1979). In *Irons* v. *State*, 267 Ark. 469, 591 S.W. 2d 650 (1980), we held:

> This rule [24.4] . . . require[s] that the trial judge ascertain whether a plea of guilty is voluntary. There is no constitutional requirement that the trial judge make the

explanations of the right to jury trial and of the maximum possible sentence required by *Boykin*, and a silent record does not require automatic reversal if it be proved at a postconviction evidentiary hearing that the plea was voluntary and intelligently made. . . .

At the evidentiary hearing on his postconviction motion, the appellant testified he thought at the time of sentencing on the reduced murder charge that his sentence would run concurrently to the 15 year sentence previously imposed. He admitted that he did not protest the imposition of the consecutive sentence at the time of sentencing; although he left the courtroom, he protested to his attorney, who told him it would do no good.

It is apparent from the record made at sentencing that the matter of the sentences running concurrently was not a condition of the plea agreement for a 21 year sentence. Prior to accepting his plea, the transcript of the sentencing reflects that appellant assured the court his plea was voluntary; he understood the charges and he knew he was entitled to a jury trial; he had discussed with his attorney the charge and punishment and all the facts and circumstances relating thereto; and he was satisfied with the attorney's services. The state recommended a 21 year sentence on the guilty plea. Appellant's attorney stated this was the result of a negotiated plea, acknowledging that the court could accept or reject it. Appellant's attorney then importuned the court to consider concurrent sentences. The court declined to do so, announcing the sentence would be consecutive, and this would result in a total of 36 years requiring him to serve 1/3 of that total sentence before being eligible for parole. The court then asked if there were any questions. Appellant asked no questions nor did he make any objection to the sentences being imposed consecutively. Counsel again requested the sentences be concurrent which the judge denied.

In the circumstances, we hold there was substantial compliance with the sentencing requirements on a negotiated plea of guilty, and, therefore, appellant has not demonstrated that his plea was made unintelligently and involuntarily.

Affirmed.