### In re Emery Hall

[469 A.2d 756]

No. 82-569

Present: Billings, C.J., Hill, Peck and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed November 1, 1983

592

*Martin & Paolini, P.C.*, Barre, for Petitioner-Appellant.

*Dale O. Gray*, Caledonia County State's Attorney, and *Robert Butterfield*, Deputy State's Attorney, St. Johnsbury, for Respondent-Appellee.

Billings, C.J. Defendant appeals from a dismissal of his petition for post-conviction relief, 13 V.S.A. § 7131, by the Caledonia Superior Court. That court found that the district court's acceptance of defendant's guilty plea to driving while under the influence of intoxicating liquor, injury resulting (23 V.S.A. §§ 1201, 1210 (b) ), pursuant to V.R.Cr.P. 11 (c) and (d), while technically flawed, was, nevertheless, in substantial compliance with V.R.Cr.P. 11 (c) and (d) and therefore did not mandate vacating of defendant's plea and sentence. Before this Court, defendant argues that the trial court failed to apprise him of, and assure that he understood, the maximum and minimum penalties provided by law for the offense to which his plea was offered, and that by pleading guilty he waived his right to a jury trial. Additionally, defendant argues that the trial court failed to ascertain that his plea was made voluntarily and knowingly.

At his change of plea hearing, as a result of a plea agreement, defendant pled guilty to driving while intoxicated, injury resulting, and was sentenced to a minimum of one year and a maximum of two years imprisonment, all suspended except 60 days. Prior to accepting the defendant's plea, the trial court engaged in the following exchange with the defendant:

THE COURT: You are aware of what you could get by way of a sentence here, a maximum sentence?

THE DEFENDANT: Yes.

THE COURT: And you understand, do you, what will happen as far as your license is concerned?

THE DEFENDANT: Yes, I do.

THE COURT: Now, do you understand that there will be no trial?

THE DEFENDANT: Yes.

THE COURT: Did you hear me explain that to Mr. Roy?

THE DEFENDANT: Yes.

THE COURT: And did you hear me explain what the result is, that there won't be any witnesses in court, you won't have a chance to see, hear or question them and you won't be able to put any kind of defense on, like calling witnesses and testifying yourself in any other way? Do you understand that?

THE DEFENDANT: Yes.

THE COURT: All right.

THE COURT: Now, who decided to come here and enter this plea of guilty today?

THE DEFENDANT: Myself.

THE COURT: You understand you don't have to if you don't want to. Even right now if you want a trial you can have it. Nothing has been said here will be used against you. You understand that?

THE DEFENDANT: I do.

THE COURT: You still want to enter a plea of guilty?

THE DEFENDANT: Yes.

Under V.R.Cr.P. 11(c), before a court may accept a guilty

plea, the court must first address the defendant personally, explaining to him and determining that he understands:

 (1) the nature of the charge to which the plea is offered;

 (2) the mandatory minimum penalty, if any, and the maximum possible penalty provided by law for the offense to which the plea is offered;

 (3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made;

 (4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading he waives the privilege against self-incrimination, the right to a trial by jury or otherwise, and the right to be confronted with the witnesses against him; and

 (5) if there is a plea agreement and the court has not accepted it pursuant to subdivision (e) (3) of this rule, that the court is not limited, within the maximum permissible penalty, in the sentence it may impose.

V.R.Cr.P. 11(c). The court is also required to personally address the defendant in order to satisfy itself "that the plea is voluntary and not the result of force or threats . . . ." V.R.Cr.P. 11(d).

 ■ V.R.Cr.P. 11(c) and (d), patterned after V.R.Cr.P. 11, reflect the procedure to be followed in state courts when accepting guilty pleas, as laid down by the United States Supreme Court's decision in *Boykin* v. *Alabama,* 395 U.S. 238 (1969). Because a defendant waives important constitutional rights when he pleads guilty, the court, before accepting a guilty plea, must review with the defendant the circumstances surrounding the plea in order to satisfy itself that the plea is voluntary and made with an understanding of its consequences. *Boykin* v. *Alabama, supra;* see also *In re Raymond,* 137 Vt. 171, 180, 400 A.2d 1004, 1009 (1979) (post-conviction review of court's acceptance of guilty plea requires a review of the surrounding circumstances in order to assure plea was voluntary and knowing).

 ■ Rule 11 does not require, however, that the plea hearing judge read verbatim the enumerated rights under 11(c) (1)–(5). *United States* v. *Thompson,* 680 F.2d 1145, 1155 (7th Cir.

1982) ; *United States* v. *Hamilton,* 568 F.2d 1302, 1306 (9th Cir. 1978) ; *United States* v. *Saft,* 558 F.2d 1073, 1079 (2d Cir. 1977). It is enough that the court engages in an open dialogue with the defendant involving a discussion of all of the Rule 11(c) elements to the end that the court is satisfied, and the record substantiates, that the defendant knows and understands the full array of legal consequences that attach to a guilty plea. *United States* v. *Hamilton, supra,* 568 F.2d at 1306; *United States* v. *Saft, supra,* 558 F.2d at 1079; *In re Raymond, supra,* 137 Vt. at 180, 400 A.2d at 1009. The precise form of the Rule 11 colloquy engaged in by the court may vary from case to case, *McCarthy* v. *United States,* 394 U.S. 459 (1969), depending, among other things, on the competence of the defendant and the complexity of the legal issues involved. *United States* v. *Gray,* 611 F.2d 194, 200 (7th Cir. 1979).

■ ■ Once it is determined that a plea was entered into voluntarily and with an understanding of its consequences, a defendant will be bound by his plea. *In re Baldwin,* 127 Vt. 473, 474, 252 A.2d 539, 542 (1969). The burden of proving "that a procedural shortcoming has hampered or frustrated the exercise of an accused's rights rests squarely on the petitioner in a post-conviction proceeding." *In re Raymond, supra,* 137 Vt. at 182, 400 A.2d at 1010.

■ ■ Comparing the requirements enumerated in V.R.Cr.P. 11(c) with the dialogue between the trial court and the defendant, we agree with the superior court that the trial court failed to strictly comply with the requirements of a Rule 11 examination. The trial judge did not outline for the defendant the minimum and maximum penalties provided by law for the crime of driving while under the influence. Nor did the court expressly inform the defendant that by pleading guilty the defendant was waiving his right to a jury trial. The court did, however, ask the defendant if he was aware of the maximum sentence, to which the defendant answered affirmatively. The court also explained to the defendant that by pleading guilty there would be "no trial" and defendant would not have the opportunity to confront witnesses or of presenting a defense. Throughout the court's Rule 11 examination, defendant responded in the affirmative to the court's queries as to his understanding of the effects of pleading guilty. Additionally,

at all stages of the criminal proceedings against him, defendant was represented by competent counsel. It may be presumed that counsel discussed with defendant those elements of Rule 11 that defendant now pleads were not adequately explained to him at the change of plea hearing. In effect, defendant argues that there should be a vacating of his guilty plea, not because the trial court omitted an element under Rule 11(c), but because the court failed to express those elements in a particularized or standardized fashion. We refuse to so straightjacket the trial courts. Although a more specific and careful enunciation of the Rule 11 elements is encouraged, the trial court's substantial compliance with those requirements afforded the defendant fair and just process. *People* v. *Miller*, 107 Ill. App. 3d 1078, 438 N.E.2d 643 (1982) ; *Sims* v. *State*, 271 Ark. 142, 607 S.W.2d 393 (1980) ; *McMahon* v. *State*, 569 S.W.2d 753 (Mo. 1978). Technical or formal violations, of the type argued here, will not release a defendant from his guilty plea unless there is a showing of prejudice to the defendant. *United States* v. *Timmreck*, 441 U.S. 780 (1979) ; *United States* v. *Crook*, 607 F.2d 670 (5th Cir. 1979) ; *People* v. *Miller, supra; State* v. *Rouse*, 206 Neb. 371, 293 N.W.2d 83 (1980) ; *State* v. *Taylor*, 80 N.J. 353, 403 A.2d 889 (1979). Defendant does not allege that he was not in fact aware of the maximum and minimum penalties, and of his waiver of a jury trial. Nor does defendant assert that, even if he was not aware of these elements, he would have chosen an alternative to a plea of guilty. In point of fact, defendant received a better sentence than that for which he had bargained. Rather than having to serve 60 days, defendant served 48 days, on weekends only.

 Defendant also contends that the trial court failed to ascertain that his plea was made voluntarily and knowingly, as required by V.R.Cr.P. 11(d). Again, however, this assertion belies the colloquy that occurred between the trial judge and defendant in open court. After determining that defendant had made the decision to plead guilty, the court explained to the defendant that he did not have to so plead and that he could abandon his plea and proceed instead with a trial. To the court's query of whether defendant still wished to plead guilty, the defendant answered affirmatively. "Assertions in open court of voluntariness and lack of coercion, while not binding

on a post-conviction proceeding, are cogent evidence against later claims to the contrary." *In re Raymond, supra,* 137 Vt. at 181, 400 A.2d at 1009; *In re Fuller,* 135 Vt. 575, 579, 381 A.2d 1056, 1059 (1977). No set ritual is required of the trial court in its determination of whether a guilty plea is made voluntarily and knowingly. See *United States* v. *Lester,* 247 F.2d 496, 499 (2d Cir. 1957) (observance of a particular ritual not required).

*Affirmed.*