# In re Allen Moulton

[613 A.2d 705]

No. 91-328

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed June 26, 1992

*Charles Martin* of *Martin & Paolini*, Barre, for Petitioner-Appellee.

*Marc D. Brierre*, Rutland County Deputy State's Attorney, Rutland, for Respondent-Appellant.

**Allen, C.J.** The State appeals from a superior court order granting petitioner's motion for post-conviction relief. We agree with its arguments that counsel had no duty to inform petitioner regarding parole eligibility and that the court's conclusion that petitioner relied on a material misunderstanding is not supported by its findings. We therefore reverse and remand.

Petitioner was arraigned on a charge of sexual assault, and retained private counsel. A public defender was later appointed as co-counsel to assist in the defense. Petitioner entered a plea of nolo contendere pursuant to a plea agreement and received a three-to-six year sentence. He later sought post-conviction relief, claiming that his attorneys had misinformed him regarding parole eligibility. Specifically, he claimed that they had indicated he would be eligible for parole at the end of his minimum sentence and failed to advise him of an unwritten parole board policy to parole only those inmates who admit guilt and complete a Department of Corrections sexual offenders' program.

At the post-conviction hearing, petitioner testified that he arrived late for the change of plea, that he expected a jury trial on that date, that he conferred with his attorneys for only ten or fifteen minutes before entering his plea, and that he had not participated in any prior serious discussions with his attorneys regarding a plea agreement. He chose to accept the plea, he said, based on the recommended sentence of three-to-six years, rather than face a possible ten-to-fourteen year sentence if found guilty. He further testified that his attorneys advised him that he would be eligible for parole in three years if he "behaved." He was not advised, he claimed, of the parole board's policy to withhold parole from those who did not complete the sex offender program, acceptance into which required an admission of guilt. Had he been aware of that policy, he claimed, he would have gone to trial rather than plead nolo contendere.

The attorneys, on the other hand, testified that the conference preceding the change of plea lasted for over an hour, they had at least two prior conferences with petitioner during which he agreed to the change of plea, and they told petitioner that if he maintained his innocence throughout his incarceration, there was a reasonable chance it would have an adverse impact on parole eligibility.

The superior court determined that petitioner's attorneys had an affirmative duty to advise petitioner how, and under what circumstances, his continued denial would affect his parole eligibility. The court concluded that they had breached this duty, resulting in a material misunderstanding sufficient to render petitioner's plea involuntary. The court further concluded petitioner had "clearly demonstrated that he entered his plea in reliance on the advice of his attorneys." The court's order vacated petitioner's sentence and granted a new trial.

On appeal, the State argues that (1) petitioner's attorneys complied with their duty to advise petitioner regarding parole eligibility or, alternatively, the duty imposed by the court was without legal foundation, and (2) the superior court's conclusion that petitioner reasonably relied on a material misunderstanding when entering his plea was not supported by its findings of fact.

## I.

■ The trial court based its order setting aside the sentence and ordering a new trial partly on its conclusion that petitioner's attorneys had an affirmative duty "to advise petitioner of how and under what circumstances his parole eligibility would be affected by his continued denial of responsibility for the crime." We agree with the State that defense counsel had no such duty.

The validity of a guilty or nolo contendere plea depends on whether the trial court properly followed Rule 11 of the Vermont Rules of Criminal Procedure, which requires that a plea of guilty or nolo contendere "not be accepted unless the record shows that such plea was knowingly and voluntarily made." Reporter's Notes, V.R.Cr.P. 11. "Because a defendant waives important constitutional rights when he pleads guilty, the court ... must review with the defendant the circumstances surrounding the plea in order to satisfy itself that the plea is voluntary and made with an understanding of its consequences." *In re Hall*, 143 Vt. 590, 594, 469 A.2d 756, 758 (1983) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)). Here, the superior court concluded that the trial court had properly fulfilled its Rule 11 responsibilities. Petitioner's plea therefore met constitutional requirements, and we decline to impose an additional requirement, not mandated by the rule, that defendants be advised by their counsel of how and under what circumstances parole eligibility would be affected by continued denial of criminal responsibility.

■■ To meet Rule 11 requirements, the trial court must engage in an open dialogue with defendant and satisfy itself "that the defendant knows and understands the full array of legal consequences that attach to a guilty plea." *Id.* at 595, 469 A.2d at 758. Information about parole eligibility is not among those consequences that a defendant must understand. Because parole is a collateral consequence to a plea, the failure to advise a defendant concerning parole eligibility does not render a plea involuntary. *United States v. Posner*, 865 F.2d 654, 660 (5th Cir. 1989). The United States Supreme Court has "never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for

584

the defendant's plea of guilty to be voluntary, and indeed such a constitutional requirement would be inconsistent with [Rule 11 of the Rules of Criminal Procedure]." *Hill v. Lockhart,* 474 U.S. 52, 56 (1985).

We decline to create a duty for defense counsel above and beyond the requirements of Rule 11. "[C]ertainly if the Petitioner has no right to advice *by the court* as to parole eligibility, he has no right to that advice from counsel . . . ." *Heller v. United States,* 683 F. Supp. 5, 8 (D. Me. 1988) (emphasis in original). The instant case highlights one problem which would ensue were we to impose a duty on defense counsel to advise sex offender clients about parole eligibility. As the superior court found, the parole board had only an "unwritten policy" concerning parole for sex offenders, and the Department's recommendations to the board are "advisory only and not binding." To require more information than provided here would be to require counsel to engage in conjecture.

## II.

■■■ Although defense counsel has no affirmative duty to provide information, misinformation regarding parole eligibility may provide a basis for a successful attack on the voluntariness of a plea. See *Czere v. Butler,* 833 F.2d 59, 63 (5th Cir. 1987); *State v. Bailey,* 226 N.J. Super. 559, 567–68, 545 A.2d 206, 210 (1988). At a post-conviction relief hearing, petitioner has the burden of demonstrating that he entered his plea while reasonably relying on a material misunderstanding regarding his parole eligibility, and that such misunderstanding worked to his prejudice. *In re Fisher,* 156 Vt. 448, 459, 594 A.2d 889, 895–96 (1991). To support withdrawal of the plea, the misunderstanding must be more than a "subjective mistake absent some objective evidence reasonably justifying the mistake." *In re Stevens,* 144 Vt. 250, 255, 478 A.2d 212, 215 (1984). "[O]therwise every plea would be subject to successful attack." *Id.* at 255–56, 478 A.2d at 215. Petitioner must refer to specific circumstances and persons to support his testimony regarding the alleged misunderstanding. *In re Kivela,* 145 Vt. 454, 456, 494 A.2d 126, 128 (1985).

■■■ Title 13 V.S.A. § 7133 requires the superior court at post-conviction proceedings to "determine the issues and make

findings of fact and conclusions of law with respect thereto." The court's findings will stand on appeal unless clearly erroneous or not supported by any credible evidence. *In re Fadden*, 148 Vt. 116, 119, 530 A.2d 560, 562 (1987). Findings which do no more than "recite the substance of certain testimony given by one party or the other," however, are "immaterial and . . . not for consideration." *Krupp v. Krupp*, 126 Vt. 511, 515, 236 A.2d 653, 656 (1967). Furthermore, inconsistent findings may result in reversal. *Hill v. Grandey*, 132 Vt. 460, 466, 321 A.2d 28, 32 (1974).

Here, although petitioner based his claim for post-conviction relief on alleged misinformation provided by his attorneys, and referred to specific circumstances which gave rise to his misunderstanding, we conclude that the court's valid findings do not support his claim. The court apparently based its conclusion that petitioner relied on a material misunderstanding on findings 8, 9 and 10. Those findings, in part, are as follows:

> 8. Mr. Moulton testified he was advised to be in Court on August 1, 1989 . . . . He said that discussions regarding a possible plea agreement had been "out there," but he had not participated in any serious discussion with his attorneys regarding a plea agreement.

> 9. Mr. Moulton testified he was advised [by his attorneys] that he would be "eligible for parole in three years, but if he elected to go to trial and was convicted, he faced a possible sentence of ten to fourteen years." Mr. Moulton said he was told to "behave," but was not advised of the State parole policy not to consider sexual offenders for parole unless they had completed a sexual offender's program. He further said he was not advised that in order to become eligible for a sexual offender's treatment program, he would have to fully admit the offense, which he had serious reservations about doing . . . . He said he was not advised . . . of the need to admit the offense in order to be evaluated and considered for the . . . program. . . .

> 10. . . . petitioner maintained a consistent position that he was advised in the presence of both attorneys that he would have a "meaningful shot at parole" but that the essential fact of admission to the crime prior to becoming eligible for the . . . program was not explained to him. . . .

These findings are but recitations of petitioner's testimony and are thus immaterial. *Krupp*, 126 Vt. at 515, 236 A.2d at 656. Once findings 8, 9, and 10 are removed from consideration, the conclusion that petitioner met his burden of proof lacks sufficient support to stand.

Even were we to accept these findings, other findings of the court indicate that petitioner was aware of the link between his continued denial and delayed parole eligibility. The court found that, although petitioner was not specifically advised of the parole board's informal policy to parole only those inmates convicted of sex crimes who had successfully completed the sex offender treatment program, he was told in the course of the presentence conference that failure to admit guilt would create difficulty. Specifically, he was told that if he did not complete the treatment program that there was a reasonable chance it would have an adverse impact on parole eligibility. The court found that petitioner understood that if he continued to deny his guilt that he could "max out" his sentence minus good time accumulated during his incarceration. The court also found that both petitioner and his attorneys "were acutely aware of the problem of admission."

■ ■ Although we will defer to the findings of the superior court made in post-conviction relief hearings where the evidence is conflicting, *Stevens*, 144 Vt. at 255, 478 A.2d at 215, conflict in the findings themselves is grounds for reversal. *Grandey*, 132 Vt. at 466, 321 A.2d at 32. On remand, the court is directed to correct its findings to eliminate conflict and issue a new conclusion on the corrected findings, taking into account that petitioner's attorneys had no affirmative duty to provide him with information concerning parole eligibility. If the court concludes that petitioner entered his plea in reasonable reliance upon a material misunderstanding resulting from misinformation provided by his attorneys, it must determine whether such misunderstanding worked to petitioner's prejudice, and, if necessary, conduct new proceedings to so determine. See *In re Clark*, 127 Vt. 555, 557, 255 A.2d 178, 180 (1969). Although petitioner testified that he would have gone to trial had he understood the parole eligibility policies, the present record establishes only that he knew that if he were convicted of the crime charged that he could receive a sentence of ten-to-four-

teen years. To determine whether petitioner was prejudiced, the court must look at the circumstances confronting him at the time of the plea to determine if he would have withdrawn his plea and proceeded to trial had he not been improperly advised. The superior court therefore must assess the evidence against him and his chances for success at trial—both relevant to whether petitioner was prejudiced by the alleged misinformation. *Fisher*, 156 Vt. at 459, 594 A.2d at 896.

*Reversed and remanded.*