### State of Vermont v. Raymond Joseph Pilette, Jr.

[630 A.2d 1296]

Nos. 92-401, 92-421, 92-422, 92-423, 92-454, 92-556

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed July 30, 1993

510

*Robert Butterfield*, Caledonia County Deputy State's Attorney, St. Johnsbury, for Plaintiff-Appellee.

*William A. Nelson*, Appellate Attorney, Montpelier, for Defendants-Appellants.

**Dooley, J.** In these six consolidated cases, defendants entered conditional pleas of guilty to driving under the influence of intoxicating liquor as a third offense. They appeal on the ground that convictions entered on pleas of guilty before July 1, 1991 could not be considered in applying the recidivism provisions of the DUI law that became effective on that date. We affirm.

Effective July 1, 1991, § 1210(d) of Title 23 was amended to provide that "[a] person convicted of violating section 1201 of this title [operating a vehicle under the influence of intoxicating liquor] who has twice been convicted of violation of that section shall be fined not more than $2,500.00 or imprisoned not more than five years, or both." Each of the defendants has been convicted twice of violating § 1201, and each conviction was based on a plea of guilty. In each of the prior cases, the court did not inform defendants that, under the amended statute, the DUI convictions could be used to enhance future similar convictions to a felony level. Indeed, the court could not have given defendants such information because the penalty enhancement provision for third offenses had not yet been passed by the Legislature. Also, we have no indication as to how defendants'

counsel may have advised their clients regarding the effect of a DUI conviction in relation to future charges; again, counsel could not have specifically advised about the current law because it had not yet been enacted.

Defendants contend that application of the recidivism provision of the DUI statute to guilty pleas entered prior to the effective date of the new law renders those pleas involuntary. The trial court disagreed, stating that prior to accepting a guilty plea a judge need advise a defendant of only the *direct* consequences of the plea to make it voluntary. It concluded that the potential use of a criminal conviction to enhance the sentence of a possible future conviction is not a sufficiently direct consequence to require specific advice prior to acceptance of a guilty plea.

A guilty plea is not voluntary unless the defendant knows and understands the consequences that attach to the plea. *In re Hall,* 143 Vt. 590, 595, 469 A.2d 756, 758 (1983). Through our rulemaking power, we have set forth the advice the court must give the defendant in Rule 11(c) of the Vermont Rules of Criminal Procedure. The rule requires that the court inform the defendant of certain consequences of conviction and determine that the defendant understands those consequences. Specifically, the court must inform the defendant of "the maximum possible penalty provided by law for the offense to which the plea is offered," any mandatory minimum sentence, and the fact that the court can order restitution if appropriate. V.R.Cr.P. 11(c)(2). Nowhere does the rule require that a defendant be informed of the consequences of recidivism. Thus, even after the passage of the penalty enhancement provision for third convictions, there is no requirement that the court inform a defendant of the third-offense provision when taking a plea to a first or second offense.

In *In re Moulton,* 158 Vt. 580, 583, 613 A.2d 705, 707 (1992), we recently ruled that defense counsel has no obligation to inform a defendant of any consequences of a plea of guilty that are not spelled out in Criminal Rule 11(c). The decision was based on this Court's prior determination, reached in the course of adopting the rule, that the specific information enumerated in the rule is all that is necessary to comply with due process of law. Certainly, if counsel has no obligation to go be-

yond the specifics of Rule 11(c), the court has no such obligation.

■ Although we would end this opinion here, defendants strenuously argue that the court must determine that the plea is voluntary, V.R.Cr.P. 11(d), and cannot do so unless the record shows that "the defendant knows and understands the full array of legal consequences that attach to a guilty plea." *In re Hall*, 143 Vt. at 595, 469 A.2d at 758. We do not believe that the general standard of Rule 11(d), as explained in *Hall*, is intended to create new general disclosure requirements not contained in the itemized list in Rule 11(c). In fact, we have held that technical compliance with Rule 11(c) is not required to make a plea voluntary, *id.* at 596, 469 A.2d at 759, which compels the conclusion that the requirements of Rule 11(c) go beyond that necessary for a voluntary plea. The result sought by defendants would undercut the precision and certainty intended by Rule 11(c).

■■ Even if we were to create general disclosure requirements to ensure the voluntariness of a plea, we do not agree that we should require trial courts to explain the consequence of recidivism. In *Moulton*, we held that only direct, not collateral, consequences must be included in the Rule 11 colloquy, and that the availability of parole before expiration of sentence is a collateral consequence. 158 Vt. at 583, 613 A.2d at 708. We conclude that the potential enhancement of the status or sentence of a future conviction as a result of a previous guilty plea is similarly a collateral consideration. As a general rule, a defendant can expect that subsequent, identical criminal violations will lead to more severe punishment, whether or not a statute requires such enhancement. The court does not have to explain the consequences of future offenses or the effect of a plea of guilty on those consequences. Courts in other jurisdictions have arrived at the same result. *State v. Hatch*, 754 P.2d 324, 326 (Ariz. Ct. App. 1988) (plea-taking court not required to advise defendant of every conceivable consequence or collateral effect of pleading guilty in DUI offense); *State v. Levey*, 445 A.2d 1089, 1090 (N.H. 1982) (court in DUI case not obligated to inform defendant of all future effects of guilty plea); see also *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989) (plea-

accepting court not obligated to anticipate defendant's recidivism).

Finally, we find it generally inappropriate to create disclosure requirements that cannot be met. It will not improve the fairness of plea procedures if the trial court engages in speculative predictions about what penalties might be enacted for future crimes a defendant might commit. If we are going to rule that convictions that occur prior to the effective date of an enhancement statute cannot be considered for enhancement purposes, we should do that directly, rather than through a fiction that the court failed to tell defendant about a law that did not exist. We do not believe enhancement in these circumstances is unfair; defendants produced the enhanced sentences by criminal conduct after the enhancement law became effective.

*Affirmed.*