**In re John DUFF**

[641 A.2d 94]

No. 93-020

December 21, 1993. Both the State and petitioner appeal from the superior court's order computing the time

petitioner must serve based on sentences imposed after he pled nolo contendere to second-degree murder and attempted murder. The parties disagree over whether to subtract jail time served from each sentence and whether to aggregate the sentences. Because the court erred in reaching its final computation, we reverse.

Petitioner was sentenced to a term of seventeen to eighteen years for second-degree murder, with credit for jail time served, and a consecutive term of fourteen to eighteen years for attempted murder, "which will be suspended in its entirety . . . again with credit for time served . . . ." The parties agree that the time served prior to the imposition of sentence was four and one-half years. Petitioner argues that the sentences should first be aggregated, then twice the jail time served should be subtracted from the maximum and minimum terms because he was given credit for jail time served for *each* sentence, and finally the suspended sentence should be subtracted. Using this calculation, petitioner arrives at a total of eight to nine years to serve, before good time is subtracted.

We agree with the State that this computation is flawed. As we have recently reiterated, 13 V.S.A. § 7031(b), which requires credit for jail time served involving the offense for which the sentence was imposed, entitles persons to only a single credit for prior jail time when there are sentences to be served consecutively. *State v. Percy*, 158 Vt. 410, 421–22, 612 A.2d 1119, 1127 (1992); *In re Perry*, 137 Vt. 168, 170–71, 400 A.2d 1013, 1015 (1979). Petitioner counters that, unlike here, the sentence in *Percy* was not the result of a plea bargain in which the parties agreed upon specific terms that were accepted by the court. We recognize that the parties and the court plainly accepted double credit for prior jail time, to which, as noted, there is no statutory entitlement. In effect, what the parties agreed to regarding the second offense was a term of nine and one-half to thirteen and one-half years— the stated term of fourteen to eighteen years minus the four and one-half years of prior jail time. Thus, if petitioner serves the first sentence and violates probation, an underlying sentence of only nine and one-half years to thirteen and one-half years may be imposed, on the attempted murder charge.

The trial court accepted the State's argument in part, but it arrived at a sentence of "eleven to twelve years to serve." We cannot see how this result can be reached. The issue in this case concerning aggregation is a red herring. The suspended sentence may be aggregated with the first sentence, but only to be then subtracted from the final computation of the term of imprisonment. In sum, petitioner's sentence amounts to twelve and one-half to thirteen and one-half years to serve, minus any good time calculation, followed by the suspended portion of the consecutive term, which is another nine and one-half to thirteen and one-half years.

*Reversed and remanded.*