## STATE OF CONNECTICUT *v.* KWAME STEWART
(AC 22469)

Lavery, C. J., and Foti and Schaller, Js.

Submitted on briefs December 10, 2002—officially released June 3, 2003

*Kweku J. Hanson* filed a brief for the appellant (defendant).

*James E. Thomas*, state's attorney, *Bruce R. Lockwood*, assistant state's attorney, and *John A. O'Reilly, Jr.*, supervisory assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Kwame Stewart, appeals from the trial court's judgment of conviction rendered after his guilty plea to the charge of sale of narcotics in violation of General Statutes § 21a-277 (a).[1] On appeal, the defendant claims that (1) the court improperly denied his motion to vacate his guilty plea and (2) his plea was erroneously made due to the inef-

---

[1] General Statutes § 21a-277 (a) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned . . . . "

fective assistance of his counsel. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The Bloomfield police department received information from an informant that the defendant was selling crack cocaine in the greater Bloomfield area. The informant arranged a meeting between the defendant and an undercover officer. During the meeting, the officer purchased from the defendant a plastic bag containing a substance later determined to be crack cocaine. Subsequently, at a second meeting, the defendant was taken into custody and charged with the sale of narcotics.

On August 20, 2001, the defendant entered a guilty plea as to the charge. Prior to accepting the defendant's plea, the court canvassed the defendant. After informing the defendant of the consequences of his plea, the court accepted his plea of guilty. The defendant subsequently filed a motion to vacate his guilty plea. The court denied the defendant's motion and sentenced him to eighteen months incarceration, execution suspended, and three years probation. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly denied his motion to vacate his guilty plea. Specifically, the defendant argues that (1) his plea was not voluntarily and knowingly entered because he did not fully appreciate the consequences of his plea, and (2) he was entitled to withdraw his plea pursuant to Practice Book § 39-26.[2] We disagree.

---

[2] Practice Book § 39-26 provides: "A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his or her plea upon proof of one of the grounds in Section 39-27. A defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed."

The following additional facts are necessary for our resolution of the defendant's claim. During the plea canvass, the following colloquy occurred between the court and the defendant:

"The Court: If you are not a citizen, Mr. Stewart, I do have to advise you that conviction of the offense to which you are pleading guilty may have the consequences of deportation, exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States. Do you understand that, as well, sir?

"The Defendant: Yes."

Before accepting the defendant's plea, the court asked the defendant whether he understood that he was waiving his right to a trial. The defendant again responded, "Yes." The court accepted the defendant's guilty plea after he indicated that he understood the nature and consequences of his plea. The court found that the plea was voluntarily and understandingly made with the assistance of competent counsel.

On October 16, 2001, the defendant obtained new counsel and filed a motion to vacate his guilty plea on the ground that he did not fully appreciate the consequences of his guilty plea. After oral argument, the court denied the defendant's motion to vacate, noting that the defendant had numerous opportunities to withdraw his plea while he was being canvassed.

## A

The defendant first argues that the court improperly denied his motion to vacate because his plea was not voluntarily and knowingly made. Specifically, he contends that his plea was not voluntary and knowing because he was unaware that there was a certainty, rather than a mere possibility, that he would be

deported as a result of his conviction. We are not persuaded.

"A guilty plea, once accepted, may be withdrawn only with the permission of the court. . . . The court is required to permit the withdrawal of a guilty plea upon proof of any ground set forth in Practice Book § [39-27]. . . . Whether such proof is made is a question for the court in its sound discretion, and a denial of permission to withdraw is reversible only if that discretion has been abused." (Internal quotation marks omitted.) *State* v. *Gundel*, 56 Conn. App. 805, 812, 746 A.2d 204, cert. denied, 253 Conn. 906, 753 A.2d 941 (2000).

Practice Book § 39-27 provides in relevant part: "The grounds for allowing the defendant to withdraw his or her plead of guilty after acceptance are as follows . . . (2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed . . . ." That provision is consistent with the United States Supreme Court's holding that acceptance of a guilty plea comports with due process only if the plea was voluntarily and knowingly made. *Boykin* v. *Alabama*, 395 U.S. 238, 243–44, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). "The *Boykin* constitutional essentials for the acceptance of a plea of guilty are included in our rules and are reflected in Practice Book §§ [39-19 and 39-20[3]]. . . . Those rules provide that the trial court

---

[3] Practice Book § 39-19 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the

must not accept a guilty plea without first addressing the defendant personally in open court and determining that the defendant fully understands the items enumerated in [Practice Book] § 39-19, and that the plea is made voluntarily pursuant to [Practice Book] § 39-20." (Citation omitted; internal quotation marks omitted.) *State* v. *Andrews*, 253 Conn. 497, 504, 752 A.2d 49 (2000). "There is no requirement, however, that the defendant be advised of *every* possible consequence of such a plea." (Emphasis added.) *State* v. *Gilnite*, 202 Conn. 369, 383, 521 A.2d 547 (1987). "Although a defendant must be aware of the direct consequences of a plea, the scope of direct consequences is very narrow. . . . In Connecticut, the direct consequences of a defendant's plea include only [those enumerated in Practice Book § 39-19 (2), (3) and (4)]." (Internal quotation marks omitted.) *State* v. *Irala*, 68 Conn. App. 499, 519, 792 A.2d 109, cert. denied, 260 Conn. 923, 797 A.2d 519, cert. denied, 537 U.S. 887, 123 S. Ct. 132, 154 L. Ed. 2d 148 (2002). If a defendant is not informed of all possible indirect or collateral consequences, his plea is not thereby rendered unintelligent or involuntary. *State* v. *Andrews*, supra, 505.

General Statutes § 54-1j[4] requires the court to advise the defendant during his canvass that a conviction of

right to be tried by a jury or a judge and that at that trial the defendant has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself."

Practice Book § 39-20 provides: "The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting authority and the defendant or his or her counsel."

[4] General Statutes § 54-1j provides: "(a) The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court advises him of the following: 'If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation,

the offense with which the defendant was charged *may* have the consequence of deportation. In this case, the court recited the statutory language with near precision. The defendant's affirmative responses to the canvass satisfied the requirements for ensuring voluntary pleas.

"The onus rests . . . with the defendant and [the defendant's] counsel to determine the final result applicable to [the defendant's] situation under federal immigration law before entering a plea." *State* v. *Irala*, supra, 68 Conn. App. 520. The defendant in the present case concedes that he was clearly informed, in accordance with state law, of the possibility of deportation. We previously have held that such a warning is adequate and that the failure to inform a defendant that his or her conviction will certainly result in deportation does not render a plea unintelligent or involuntary in the constitutional sense. Id., 519–20. We therefore conclude that the court did not improperly deny the defendant's motion to vacate his guilty plea on the ground that it was not voluntary and knowingly made.

B

The defendant next argues that he was entitled to withdraw his plea under Practice Book § 39-26. Specifically, the defendant argues that the intended purpose of Practice Book § 39-26 is to entitle the defendant to withdraw his plea for any credible reason that is not outweighed by any prejudice to the state. The defendant makes that argument for the first time on appeal.

exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.'

"(b) The defendant shall not be required at the time of the plea to disclose his legal status in the United States to the court.

"(c) If the court fails to advise a defendant as required in subsection (a) of this section and the defendant not later than three years after the acceptance of the plea shows that his plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty."

"The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ." Practice Book § 60-5. "The requirement that [a] claim be raised distinctly means that it must be so stated as to bring to the attention of the court the *precise* matter on which its decision is being asked." (Emphasis in original; internal quotation marks omitted.) *State* v. *Taylor*, 12 Conn. App. 427, 431 n.5, 531 A.2d 157 (1987). The defendant also has not requested review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Accordingly, we decline to review the defendant's unpreserved claim that he was entitled to withdraw his guilty plea pursuant to Practice Book § 39-26.

## II

The defendant next claims that his plea was erroneously made due to ineffective assistance of counsel. Specifically, he argues that his attorney provided ineffective representation by failing to inform him that his guilty plea would result in certain deportation. We decline to review that claim because it is unpreserved.

As previously stated, a claim must be distinctly raised at trial. In his brief, the defendant argues that he "tangentially" raised the issue at the oral argument on his motion to vacate by informing the court that his prior counsel had not alerted him to the danger of deportation.[5] A claim briefly suggested is not distinctly raised. *McKiernan* v. *Caldor, Inc.*, 183 Conn. 164, 166, 438 A.2d 865 (1981). "The defendant's failure to raise distinctly in the trial court the grounds upon which he now relies effectively deprived the trial court of the opportunity to consider the matter in the first instance." *State* v. *Rogers*, 199 Conn. 453, 462, 508 A.2d 11 (1986). More-

---

[5] We note that the defendant, at oral argument on his motion to vacate his guilty plea, referred to his attorney at the pleading stage as a "brilliant, well respected defense counsel."

over, the defendant has not requested review of his claim pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40. "In the absence of such a request, we have, in the past, declined to review a defendant's claim under similar circumstances." *State* v. *Rogers*, 38 Conn. App. 777, 787, 664 A.2d 291, cert. denied, 235 Conn. 918, 665 A.2d 610 (1995), cert. denied, 516 U.S. 1084, 116 S. Ct. 799, 133 L. Ed. 2d 747 (1996). Therefore, this court declines to engage in that analysis.[6]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] Even if we were to review the claim under *Golding*, the claim would fail under *Golding*'s first prong, which requires that the defendant provide this court with an adequate record for review. In this case, the record is inadequate and fails to provide the court with facts on which to base a decision.

