In Re: Leo Pratt, No. S0980-04 CnC (Norton, J., Apr. 21, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                                    SUPERIOR COURT
Chittenden County, ss.:                                      Docket No. S0980-04 CnC


IN RE LEO PRATT


ENTRY

Petitioner Leo Pratt requests that the court order the Vermont Department of Corrections to confer 640 days of credit for time served. He alleges that he is entitled to this amount of credit under his plea agreement for a charge of obstructing justice. The State has filed a summary judgment motion, arguing that Pratt is not entitled to time served while he was in custody for another charge, as well, as that time has already been credited. Crediting the time again, the State argues, would result in double-counting.

With consecutive sentences, prisoners are entitled to only a single credit for time served, rather than a credit for each crime committed. State v. Percy, 158 Vt. 410, 421–22 (1992). This rule also applies where the sentence is "the result of a plea bargain in which the parties agreed upon specific terms that were accepted by the court." In re Duff, 161 Vt. 599, 600 (1993) (mem.). In Duff, the Court interpreted a plea agreement with four and one-half years credit for time served on each sentence as only allowing credit toward the second suspended sentence. "Thus, if petitioner serves the first sentence and violates probation, an underlying sentence of only nine and one-half years to thirteen and one-half years [as opposed to fourteen to eighteen years] may be imposed . . . ." Id.

Here, Pratt was sentenced to consecutive sentences of five to fifteen years for burglary and two to five years for obstructing justice. Pratt's pre-sentence time served for obstructing justice overlapped with pre-sentence time served for burglary by 503 days. Thus, he was entitled to only 137 additional days as credit for time served, rather than the full 640 days. These 137 days were in addition to the 862 days of credit he has already

received for pre-sentence time served for the burglary charge.

The court notes Pratt's confusion by the plea agreement and Rule 11 colloquy, where the sentencing court informed him that he was entitled to 640 days of credit for time served. In the context of his prior sentence, however, it should have been clear that this credit was available only to the extent that the Department of Corrections had not previously applied it to his prior sentence.

Pratt argues that his confusion and misunderstanding rendered the plea agreement involuntary, as it was not based on a knowing and intelligent waiver. A sentencing court need only substantially comply with the Rule 11(c) advice to defendant to ensure that a defendant's plea is knowing and intelligent, In re Hall, 143 Vt. 590, 594–96 (1983), and the court need not expand beyond Rule 11(c)'s basic requirements, see State v. Pilette, 160 Vt. 509, 511–12 (1993) (holding that court's failure to explain consequences of recidivism in Rule 11 colloquy did not render plea involuntary); In re Moulton, 158 Vt. 580, 583 (1992) ("Information about parole eligibility is not among those consequences that a defendant must understand."). "To support withdrawal of the plea, [a defendant's] misunderstanding must be more than a 'subjective mistake absent some objective evidence reasonably justifying the mistake.'" Moulton, 158 Vt. at 584 (quoting In re Stevens, 144 Vt. 250, 255 (1984)).

Here, Pratt was not entitled to instructions regarding the application of credits to his sentence under Rule 11. Moreover, he had competent counsel to explain the consequences of his credits being applied to his prior sentence. Pratt provides no evidence to show that his mistake was objectively reasonable. He cannot therefore show that his misunderstanding rendered the plea involuntary.

ORDER

For the foregoing reasons, the State's summary judgment motion is GRANTED.

Dated at Burlington, Vermont, April 21, 2005.

_____/s/_____
Richard W. Norton     Judge