Dooley, J.,
¶ 14. concurring. I concur in the decision of the Court because I agree that the words the trial judge used and the words in the statute are synonymous. I also agree with the Court *382 that “the court’s phrasing would actually heighten defendant’s understanding of the possibility of deportation by presenting that possibility in its most basic sense.” Ante, ¶ 12.
¶ 15. I cannot, however, agree entirely with the Court’s rationale. The majority cites and relies on In re Hall, 143 Vt. 590, 595, 469 A.2d 756, 758 (1983), for the proposition that “[t]he precise form of the Rule 11 colloquy engaged in by the court may vary from case to case . . . depending, among other things, on the competence of the defendant and the complexity of the legal issues involved,” and on State v. Mutwale, 2013 VT 61, ¶ 8, 194 Vt. 258, 79 A.3d 850, for the proposition that only substantial compliance with Rule 11, including Rule 11(c)(7), is required. Whatever has been our law with respect to substantial compliance with Rule 11, I do not believe that substantial compliance with the requirements contained in 13 V.S.A. § 6565(c), and imported into Rule 11(c)(7), is sufficient.
¶ 16. I explained my views in part in a concurring opinion to the 2013 addition of V.R.Cr.P. 11.1, adopted to import a statutory addition to the advice that must be provided to a defendant on acceptance of a guilty plea, in that instance with respect to the possible collateral consequences of a guilty plea. The relevant part of my concurring statement was:
While I concur, I do so with some hesitancy because, as the Reporter’s Notes suggest, this rule is likely to import the jurisprudence of Criminal Rule 11 into this new rule. Because direct review of alleged Rule 11(c), (d) and (f) violations is possible only if defendant or defendant’s counsel preserves an objection to Rule 11 noncompliance, an event that will never happen, see my dissent in State v. Cleary, 2003 VT 9, 175 Vt. 142, 824 A.2d 509, our regulation of compliance with these parts of Rule 11 is more theoretical than real. Further, I think it is difficult, if not impossible, to find consistency in our many decisions involving Rule 11 under the limited and vague review standard we purport to apply.
V.R.Cr.R 11.1 (editor’s note).
¶ 17. The standard of review I was referring to was substantial compliance, the standard used in Mutwale. A good example of the use of “substantial compliance” is State v. Riefenstahl, 172 Vt. 597, 779 A.2d 675 (2001) (mem.), a case cited and relied upon by the *383 majority where the court found substantial Rule 11 compliance from a written waiver with virtually no oral colloquy, even though the rule requires the trial judge to “address! ] the defendant personally in open court, informing the defendant of and determining that the defendant understands” seven categories of information. See V.R.Cr.R 11(c).
¶ 18. In addition to the views stated in my concurrence to the adoption of V.R.Cr.R 11.1, there is another reason why I do not believe that substantial compliance is the proper standard for a violation of 18 V.S.A. § 6565(c)(1). In enacting that statute, the Legislature also enacted a precise remedy for noncompliance. It states that if “the court fails to advise the defendant in accordance with this subsection” and the plea has negative immigration consequences, the court “shall vacate the judgment and permit the defendant to withdraw the plea or admission and enter a plea of not guilty.” Id. § 6565(c)(2). This language is, unfortunately, not in the rule. There is nothing in it that says that substantial compliance with the requirements of § 6565(c)(2) is enough. I do not believe that a standard of substantial compliance, as explained in our case law, complies with § 6565(c)(2). Nor do I agree that the “it depends” standard from In re Hall complies.
¶ 19. In my opinion, by relying, in part, on a substantial compliance standard in upholding the advice given in this case, the majority has erred.
¶ 20. I am authorized to state that Justice Robinson joins this concurrence.