## STATE OF CONNECTICUT *v.* LUIS COLON
### (AC 24114)

Foti, West and DiPentima, Js.

Argued February 18—officially released May 4, 2004

*Thomas M. Conroy*, special public defender, for the appellant (defendant).

*Erik T. Lohr*, special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Eugene R. Calistro, Jr.*, assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, Luis Colon, appeals from the judgment of the trial court, rendered after it denied

his motion to withdraw his plea of guilty, which was entered under the *Alford* doctrine,[1] to the charge of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1). On appeal, he claims that the court failed to exercise any discretion in denying the motion to withdraw his plea. Specifically, he argues that the court improperly limited itself to the grounds for withdrawing a guilty plea under Practice Book §§ 39-26 and 39-27, and encourages this court to adopt the "fair and just" reason standard for withdrawing a plea, as employed by federal courts and the American Bar Association.[2] The defendant makes that particular argument for the first time on appeal.[3]

"The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . . The requirement that [a] claim be raised distinctly means that it must be so stated as to bring to the attention of the court the *precise* matter on which its decision is being asked." (Citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Stewart*, 77 Conn. App. 238, 245, 822 A.2d 366 (2003). The defendant also has not requested review

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] "[A] district court may permit withdrawal of a guilty plea prior to sentencing if there are valid grounds for withdrawal and if granting the motion would be fair and just, giving due regard to any prejudice the government might suffer as a result." *United States* v. *Couto*, 311 F.3d 179, 185 (2d Cir. 2002).

[3] During argument before the court on the defendant's motion to withdraw his guilty plea, defense counsel stated: "I have reviewed the canvass that took place on December 6, 2002, and I did not detect any of the normal Practice Book identified defects that would allow [the defendant] to withdraw the plea." Defense counsel then urged the court to vacate the plea because the defendant was unaware that he would be barred from any contact with his minor children during his period of probation. He never stated, however, that he was seeking to have the court consider his motion under the federal "fair and just" reason standard, nor did he indicate that there was some other authority, aside from Practice Book §§ 39-26 and 39-27, by which the court could allow the defendant to withdraw his guilty plea.

pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). Accordingly, we decline to review the defendant's unpreserved claim.

The judgment is affirmed.

In this opinion the other judges concurred.

