CLAUDIA MOREIRA *v.* CHARLES MOREIRA
(AC 28347)

DiPentima, Harper and Foti, Js.

Submitted on briefs November 15, 2007—officially released February 5, 2008

*William R. Donaldson* and *Christopher P. Norris* filed a brief for the appellant (defendant).

*Vicki H. Hutchinson* filed a brief for the appellee (plaintiff).

*Opinion*

FOTI, J. In this action for marital dissolution, the defendant, Charles Moreira, appeals from the financial

orders rendered by the trial court pendente lite. The defendant argues that the court granted awards of alimony and child support without sufficient evidence. We decline to review this claim because the record is inadequate for our review.

In October, 2006, the plaintiff, Claudia Moreira, filed motions for alimony and child support pendente lite along with her complaint. A hearing on those motions was held on November 27, 2006, at which time financial affidavits and an exhibit were submitted and testimony was taken. On November 27, 2006, the court, *Leheny, J.,* by written decision, entered a temporary order directing the parties to return to court fifteen days later. The court's order states: "[T]he court hereby finds that the evidence provided by the parties is insufficient. The court orders as follows:

"The parties shall return to court on December 11, 2006 at 9:30 a.m.

"The defendant husband shall provide business tax returns for the years 2003-2005.

"The defendant is to provide [a] copy of [a] loan application for [a] $39,000 motor vehicle and source of down payment.

"Both parties are to produce their personal tax returns for the years 2003-2005.

"The defendant is to pay child support in the amount of $100 per week and alimony in the amount of $100 per week until further order of the court. This order is retroactive to October 12, 2006. It is entered without prejudice."

On December 8, 2006, the defendant filed this appeal.

As a preliminary matter, we must address the plaintiff's claim that this appeal must be dismissed because the order does not constitute a final judgment.

Appellate jurisdiction is limited generally to appeals from final judgments. *Zirinsky* v. *Zirinsky*, 87 Conn. App. 257, 264, 865 A.2d 488, cert. denied, 273 Conn. 916, 871 A.2d 372 (2005). "The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . [and, therefore] our review is plenary." (Internal quotation marks omitted.) *Sweeney* v. *Sweeney*, 271 Conn. 193, 207, 856 A.2d 997 (2004).

"It is well established that a ruling by a trial court regarding financial issues in a marital dissolution case—whether it be a pendente lite ruling, a ruling issued in conjunction with a final dissolution judgment or a decision regarding a postjudgment motion—is a final judgment for purposes of appeal." *Ahneman* v. *Ahneman*, 243 Conn. 471, 479, 706 A.2d 960 (1998). The plaintiff argues that because the orders were entered "without prejudice" and scheduled for review within a relatively short period of time, they did not terminate a separate or distinct proceeding or so conclude the rights of the parties that further proceedings could not affect them.[1]

The question presented is whether, under these circumstances, pendente lite orders entered "without prejudice" constitute appealable final orders. We conclude that they do.

The orders place on the defendant a defined obligation to make payments immediately and to continue to make such payments until the court entered further orders. The mere fact that the court left open the possibility that it might reconsider or modify the pendente lite obligations in the future should not deprive the

[1] In *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983), our Supreme Court stated: "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them."

defendant of the right of appeal after a full hearing on the merits. Having concluded that a final judgment exists, we turn to the defendant's claim that the court had insufficient evidence on which to base its awards of alimony and child support pendente lite.

"The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . It is within the province of the trial court to find facts and draw proper inferences from the evidence presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . [T]o conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *Tracey* v. *Tracey*, 97 Conn. App. 122, 124–25, 902 A.2d 729 (2006).

"[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, these facts are clearly erroneous." (Internal quotation marks omitted.) *Rummel* v. *Rummel*, 33 Conn. App. 214, 221, 635 A.2d 295 (1993).

The record does not contain a memorandum of decision or a transcript signed by the court setting forth the court's findings of fact and conclusions of law, as required by Practice Book § 64-1. We cannot review whether the award was proper, because the record does not reveal the court's reasoning, specifically, whether or to what extent it considered the criteria set forth in General Statutes §§ 46b-82 and 46b-84. "It is a well established principle of appellate procedure that the appellant has the duty of providing this court with a record adequate to afford review. . . . Where the factual or legal basis of the trial court's ruling is unclear, the appellant should seek articulation pursuant to Practice Book § [66-5]. . . . Accordingly, [w]hen the decision of the trial court does not make the factual predicates of its findings clear, we will, in the absence of a motion for articulation, assume that the trial court acted properly." (Internal quotation marks omitted.) *Berglass* v. *Berglass*, 71 Conn. App. 771, 789, 804 A.2d 889 (2002). In the present case, neither party requested articulation from the court. Because the defendant has failed to provide this court with a sufficient record, we decline to review the issue of whether the court had insufficient evidence on which to base its awards of alimony and child support pendente lite.

The judgment is affirmed.

In this opinion the other judges concurred.