EDWARD A. LEHAN, JR. *v.* JANE E. LEHAN
(AC 28663)

Flynn, C. J., and Harper and McDonald, Js.

Argued December 2, 2008—officially released January 5, 2010

*Steven R. Dembo*, with whom, on the brief, was *P. Jo Anne Burgh*, for the appellant (defendant).

*Gerald A. Roisman*, with whom, on the brief, was *Edith F. McClure*, for the appellee (plaintiff).

*Opinion*

HARPER, J. The defendant, Jane E. Lehan, appeals from the judgment of the trial court rendered following the granting of a motion for contempt and a motion for modification filed by the plaintiff, Edward A. Lehan, Jr. On appeal, the defendant claims that the court improperly (1) found the defendant in contempt for failure to pay child support, (2) modified the child support order when the plaintiff's motion for modification did not request such a relief, (3) found a child support arrearage, (4) entered financial orders after the plaintiff explicitly waived a claim to certain types of relief, (5) awarded attorney fees and unreimbursed medical expenses to the plaintiff and (6) modified the defendant's alimony award. We reverse the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the appeal. The parties were married on August 14, 1981. The court, *Barall, J.*, dissolved the parties' marriage by a memorandum of decision filed on March 2, 2000 (dissolution judgment). At the time of dissolution, the parties had two minor children. The court found that the marriage had broken down irretrievably as a result of the defendant's abuse

of alcohol and entered various financial orders. In relevant part, it ordered: "The defendant/wife will not be required to pay child support up to one year if she enrolls in hairdressing school within 60 days. If the defendant/wife does not enroll within 60 days, on day 61, [she] will be obligated to pay $56 per week as child support plus 8 ½ [percent] of the day care and unreimbursed medical expenses for the child based on a minimum wage, 40 hour week. Further, if the defendant/wife does not enroll in hairdressing school, there will be a hearing scheduled within 90 days from the date of the judgment to determine if, given her education, what reasonable efforts she has made to secure employment that would bring her beyond the minimum wage categorization." It further ordered the plaintiff to pay to the defendant periodic alimony for eight years, such that $825 per week was ordered for the first two years and $700 per week was ordered for the remaining six years.[1]

On January 14, 2002, the plaintiff filed two motions. He filed a motion for determination of child support, wherein he requested the court to enter an order determining the amount of child support that the defendant was to be ordered to pay. He also filed a motion for restraining order of the defendant from the plaintiff on the basis of harassment and threats. On March 26, 2002, the court, *Brennan, J.,* granted the plaintiff's motion for restraining order but denied the plaintiff's motion for determination of child support. It appears from the file that Judge Brennan granted and denied the motions without comment. Both parties undisputedly assert that the plaintiff's motion for determination of child support was denied due to a lack of evidence of the defendant's income.

---

[1] By its terms, the alimony award was "nonmodifiable as to length except in the event of the death of either party, the remarriage of the defendant/ wife or cohabitation under the statute."

The case was dormant until 2006, whereupon the plaintiff filed two additional motions. He first filed a motion for modification of alimony on the basis of the defendant's cohabitation and noncompliance with the court's order to pay child support. He then filed a motion for contempt and counsel fees on the basis of the defendant's failure to pay child support from the date the dissolution judgment was rendered. On September 15, 2006, the court, *Caruso, J.,* held a hearing on both motions and filed a memorandum of decision on January 10, 2007. The court found the defendant in wilful contempt for failure to pay child support and granted the plaintiff's motion for modification to decrease alimony payments. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant claims that the court improperly found her in contempt of the dissolution judgment's child support order.[2] Specifically, the defendant contends that she was not obligated to make child support payments because the child support order only required her to make payments if she failed to enroll in hairdressing school. We agree that she could not be held in contempt because of the ambiguity of the child support order if, in fact, the defendant had enrolled in hairdressing school.

"[O]ur analysis of a judgment of contempt consists of two levels of inquiry. First, we must resolve the threshold question of whether the underlying order constituted a court order that was sufficiently clear and unambiguous so as to support a judgment of contempt. . . . Second, if we conclude that the underlying court

---

[2] Although the defendant's claims can be viewed as distinct and separate, our consideration of the first claim regarding the motion for contempt on the basis of the child support order necessarily implicates the second and third claim relating to the child support order, and, consequently, we will address the defendant's first three claims together.

order was sufficiently clear and unambiguous, we must then determine whether the trial court abused its discretion in issuing, or refusing to issue, a judgment of contempt, which includes a review of the trial court's determination of whether the violation was willful or excused by a good faith dispute or misunderstanding." (Citations omitted.) *In re Leah*, 284 Conn. 685, 693–94, 935 A.2d 1021 (2007).

The defendant argues that the dissolution judgment only required her to pay child support if she failed to enroll in hairdressing school. Consequently, the defendant argues that because she was enrolled in hairdressing school within sixty days, the dissolution judgment did not impose an obligation to pay child support. She asserts that the dissolution judgment did not impose an amount or start date for her child support obligations after her enrollment in hairdressing school.

Our analysis requires us to interpret the dissolution judgment. The construction of a judgment is a question of law for the court, such that our review of the defendant's claim is plenary. "As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . The interpretation of a judgment may involve the circumstances surrounding the making of the judgment. . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The judgment should admit of a consistent construction as a whole." (Citation omitted; emphasis added; internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 91–92, 952 A.2d 1 (2008).

The dissolution judgment stated: "The defendant/wife will not be required to pay child support up to one year if she enrolls in hairdressing school within 60 days.

If the defendant/wife does not enroll within 60 days, on day 61, the defendant/wife will be obligated to pay $57 per week as child support plus 8 ½ percent of the day care and unreimbursed medical expenses for the children based on a minimum wage, 40 hour week. Further, if the defendant/wife does not enroll in hairdressing school, there will be a hearing scheduled within 90 days from the date of the judgment to determine if, given her education, what reasonable efforts she has made to secure employment that would bring her beyond the minimum wage categorization." The defendant focuses on the lack of language in the dissolution judgment expressing what the child support order required of her if she did enroll in hairdressing school. She emphasizes that the dissolution judgment focuses solely on her obligations if she did not enroll in hairdressing school.

We thoroughly have reviewed the court's written and oral ruling on the parties' dissolution. In its oral ruling, the court explained the defendant's obligation to pay child support. Specifically, in the defendant's presence, the court stated: "If Mrs. Lehan were working at minimum wage at forty hours a week, the court has calculated that her net pay . . . under the court guideline would be, approximately, $211.00 and she would be obligated to pay approximately $57.00 per week support plus 8 ½ percent of the other expenses such as day care and medical unreimbursed. . . . The court noted in the file that [the defendant] . . . would prefer rather than teaching to go into hairdressing school and get a new type of career. And that she can do that by attending, in one year, and that she has also investigated, and I find that was credible, that her spectrum could be anywhere from twenty-some-odd thousand dollars all the way up to fifty-thousand dollars of earnings. . . . The court looked at the issue and believes that the appropriate thing to dealing with—is that Mrs.

Lehan is . . . capable of getting a new career but that she needs some time to be rehabilitated, and, therefore, the court will award her an amount of money for a period of time reasonably necessary to accomplish that. . . . They brought two children into the world; they have an obligation to support, both, to their respective abilities, and, therefore, she should be given that opportunity . . . ."

The court further stated: "And I've broken out, essentially, a mechanism to deal with that. . . . If she, in fact, enrolls in hairdressing school within the next sixty days, that's the time line—that should be ample time since the testimony was that she could enroll at any time—then she will not be required to pay child support for the period of time that she's in school full time. And it's anticipated that could be up to a year so, essentially, *it's one year without.* If she doesn't enroll in sixty days, then effective the sixty-first day she'll be required to pay support. That will initially be based upon her being employed at forty hours per week at the minimum wage of $6.50 an hour." (Emphasis added.)

As noted above, the written ruling provided: "The defendant/wife *will not be required to pay child support up to one year* if she enrolls in hairdressing school within 60 days." (Emphasis added.) The language fails to clearly reflect what the defendant would owe if she enrolled in hairdressing school. The language solely focuses on when and what the defendant would owe if she did not enroll in hairdressing school. We agree with the defendant's claim that the child support order did not provide a clear obligation to pay child support if she enrolled in hairdressing school. We conclude that the only reasonable interpretation of the dissolution judgment is that the defendant was obligated to pay child support based on a minimum wage forty hour work week if she did not enroll in hairdressing school. However, the dissolution judgment becomes unclear as

to the defendant's obligation if she enrolled in hairdressing school. We are left with one clear and one unclear reading of the dissolution judgment's child support order that is dependent on whether the defendant enrolled in hairdressing school. Accordingly, we conclude that the child support order was unclear and, thus, could not support a finding of contempt if the defendant enrolled in hairdressing school.

Our conclusion leads us to the defendant's second and third claim relating to the child support order in which the defendant asserts that the court lacked evidentiary support to find that she did not enroll in hairdressing school. The court articulated that it found the "defendant lacked credibility on whether or not she enrolled in hairdressing school within 60 days of the [dissolution] judgment . . . . Other than her claim at the hearing that she did enroll, she failed to provide any evidence of such enrollment. Further, the plaintiff testified credibly [that] he had no knowledge of such enrollment. In addition, the defendant's own testimony of her earnings before 2005 do not support her claim that she was enrolled and completed the course."

"[F]actual findings of a trial court . . . are reversible only if they are clearly erroneous. . . . We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported." (Citation omitted; internal quotation marks omitted.) *Muller* v. *Muller*, 43 Conn. App. 327, 338, 682 A.2d 1089 (1996). "[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, these facts are clearly erroneous."

*Moreira* v. *Moreira*, 105 Conn. App. 637, 640, 938 A.2d 1289 (2008).

Our review of the files that were before the court revealed that on January 14, 2002, the plaintiff filed a motion for determination of child support. In the motion, the plaintiff asserted that the defendant had enrolled in hairdressing school and had failed to pay child support from the date of the dissolution judgment. In light of this statement by the plaintiff in 2002, the court's finding that the defendant did not enroll in hairdressing school is unsupported by the pleadings and is clearly erroneous.

Accordingly, as noted above, the dissolution judgment has two orders: one if the defendant enrolled in hairdressing school and one if the defendant did not enroll in hairdressing school. The court improperly found that the defendant did not enroll in hairdressing school. Because the dissolution judgment was unclear as to what the defendant's child support obligation would be if she did enroll in hairdressing school, and Judge Brennan had previously denied a child support motion in 2002, then the defendant could not be found in wilful contempt. Furthermore, we need not address the defendant's remaining claims relating to the child support order in light of our conclusion that there was no clear definitive child support order in place.

II

Next, the defendant claims that the court improperly awarded the plaintiff relief for child support, unreimbursed medical expenses, day care costs and attorney fees because the plaintiff expressly had waived his claim to such relief. In light of our conclusions in part I of this opinion, that there was no child support order in place and that the contempt was not properly found, and our conclusion in part IV of this opinion, that the

court improperly granted the plaintiff's motion for modification, we need not consider whether the plaintiff waived his claim to such relief.

### III

Next, the defendant claims that the court improperly ordered her to pay the plaintiff's counsel fees and the children's unreimbursed medical expenses. Specifically, the defendant asserts that the court lacked evidentiary support to make any finding on the amounts for each order. We will address each order in turn.

### A

The defendant argues that the court improperly awarded attorney fees without evidence to support the underlying amount. We need not reach this claim, in light of our conclusions, in part I and part IV of this opinion, that the court improperly granted both the plaintiff's motion for contempt and motion for modification of alimony.

### B

Lastly, the defendant argues that the court improperly ordered her to pay 35 percent of the children's unreimbursed medical expenses. We need not reach this claim, in light of our finding, in part I of this opinion, that the dissolution judgment was unclear as to the defendant's child support obligation if she did enroll in hairdressing school.

### IV

Next, the defendant claims that the court improperly granted the plaintiff's motion for modification of alimony on the basis of cohabitation. We agree.

The court found that the defendant's testimony on whether she cohabitated was not credible. Further, it

found that while the defendant was working as a hairdresser with an annual salary ranging from $11,000 to $11,900, her income exceeded her expenses by $525 per week. The defendant argues that the plaintiff failed to produce sufficient evidence to support a claim of cohabitation. Specifically, the defendant argues that the plaintiff failed to prove the requirements of cohabitation under General Statutes § 46b-86 (b). We will address the requirements for cohabitation in turn.

Section § 46b-86 (b)[3] is commonly known as the cohabitation statute in actions for divorce. *Cushman* v. *Cushman*, 93 Conn. App. 186, 198, 888 A.2d 156 (2006). In accordance with the statute, "before the payment of alimony can be modified or terminated [on cohabitation grounds], two requirements must be established. First, it must be shown that the party receiving the alimony is cohabit[ing] with another individual. If it is proven that there is cohabitation, the party seeking to alter the terms of the alimony payments must then establish that the recipient's financial needs have been altered as a result of the cohabitation." (Internal quotation marks omitted.) Id., 199.

The first requirement is a finding that the defendant cohabitated with another individual. The record reflects that both parties provided testimony on that question. The plaintiff testified that two messages were left on his voicemail. He testified that one message was left by the defendant's boyfriend, in which the boyfriend

---

[3] Section 46b-86 (b) provides: "In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or wife, in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the Superior Court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."

stated that he had lived with the defendant for ten years. He then testified that the second message was left by the defendant, in which she recited her boyfriend's phone number as her home number. In response to the plaintiff's testimony, the defendant testified that she always has lived alone and maintained her own residence. The court did not find the defendant's testimony credible.

When the court is faced with conflicting evidence, "[i]t is well established that evaluating witness' credibility is the exclusive function of the trier of fact. Questions of whether to believe or to disbelieve a competent witness are beyond our review. As a reviewing court, we may not retry the case or pass on the credibility of witnesses. . . . We must defer to the trier of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observation of their conduct, demeanor and attitude." (Citation omitted; internal quotation marks omitted.) *Eberhart* v. *Meadow Haven, Inc.*, 111 Conn. App. 636, 644, 960 A.2d 1083 (2008). Accordingly, in choosing to believe the plaintiff's testimony over that of the defendant, the court acted well within its province. We cannot reevaluate the conflicting testimony on whether the defendant cohabitated with another individual. See id.

The second requirement is that the plaintiff establish that the defendant's financial needs have been altered as a result of the cohabitation. "We begin our analysis by noting that . . . the purpose of alimony [is] the obligation of support that spouses assume toward each other by virtue of the marriage. . . . This court has stated that [a]limony is always represented by money and is damages to compensate for loss of marital support and maintenance. . . . In other words, alimony represents the court's finding, measured in dollars, of the financial needs of the receiving spouse at the time of the dissolution." (Citations omitted; internal quotation marks omitted.) *Blum* v. *Blum*, 109 Conn. App. 316,

323–24, 951 A.2d 587, cert. denied, 289 Conn. 929, 958 A.2d 157 (2008).

For purposes of § 46b-86 (b), the plaintiff must demonstrate that the defendant's financial needs, as quantified by the court in setting the alimony award pursuant to General Statutes § 46b-82, have been altered by her living arrangements. See id., 324. "Although the alteration need not be substantial . . . the difference must be measurable in some way before the court can conclude whether a difference, in fact, exists. . . . In other words, the court must have the ability to compare the [defendant's] financial needs at different points in time in order to determine whether those needs either have increased or have decreased over time. Because the court, in setting the alimony award pursuant to § 46b-82, quantified the [defendant's] financial needs in terms of dollar amounts at the time of dissolution, we conclude that the proper way for the court to determine whether the [defendant's] financial needs have changed as a result of her cohabitation is to quantify her financial needs in terms of dollar amounts during the period of cohabitation." (Citations omitted.) Id., 324–25.

During the hearing on the plaintiff's motions, the plaintiff, through solicitation of testimony from the defendant, presented to the court evidence of the defendant's expenses prior to when she obtained employment with the government of the Virgin Islands at an annual salary of $29,000 in 2006. The testimony revolved around the defendant's financial affidavit for 2002. The testimony provided that when the defendant was a hairdresser, with an annual salary of $11,000 to $11,900 and an annual alimony of approximately $36,000, she maintained, in excess of her expenses, approximately $500 per week. Nonetheless, "[t]he party moving for a change in the court's alimony order . . . must adduce some evidence from which the court reasonably could infer the value of the *cohabitant's contributions*. The

alternative improperly would require courts to speculate as to the values of various goods and resources." (Emphasis added.) Id., 325; see also, *Cushman* v. *Cushman*, supra, 93 Conn. App. 199 ("it is the [moving party's] burden to prove that the [nonmoving party's] living arrangements caused a change of circumstances so as to alter the [nonmoving party's] financial needs"). In this case, the plaintiff did not demonstrate that any change in the defendant's financial needs occurred due to her cohabitant's contributions or demands on her financial resources. Accordingly, the court improperly granted the motion for modification on the basis of cohabitation or upon her employment with the government of the Virgin Islands.

The judgment is reversed and the case is remanded with direction to deny the plaintiff's motion for contempt and for attorney's fees and motion for modification of alimony.

In this opinion the other judges concurred.