## JOSEPH M. CORRARINO *v.* MARYANN M. CORRARINO
### (AC 30546)

Flynn, C. J., and Alvord and Foti, Js.*

Argued December 1, 2009—officially released May 11, 2010

*Geraldine Ficarra,* with whom were *Michael Ruben Peck, Lisa A. Knopf* and, on the brief, *Megan Dianne Monahan,* certified legal intern, for the appellant (plaintiff).

*Deborah L. Grover,* for the appellee (defendant).

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Opinion*

FOTI, J. In this postjudgment marital dissolution matter, the plaintiff, Joseph M. Corrarino, appeals from the trial court's denial of his postjudgment motion for modification of a support award that sought a decrease in the amount of alimony to be paid to the defendant, Maryann M. Corrarino, and the court's granting of the defendant's postjudgment motion for modification that sought an increase in alimony.[1] On appeal, the plaintiff claims that the court abused its discretion in failing to consider the financial contributions of Joseph DeBroske, the defendant's boyfriend, as part of her gross income regardless of a finding of cohabitation. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. In 2002, the plaintiff sought a judgment of dissolution. In rendering the dissolution judgment on September 3, 2003, the court incorporated the parties' separation agreement (agreement) into its judgment. The agreement included a provision pertaining to alimony. That provision provided, in relevant part, that the plaintiff would pay to the defendant as alimony $2500 per month. It further provided that the court "may, in its discretion, modify

---

[1] Although the plaintiff's appeal form indicated that he appealed from the court's ruling on the defendant's motion for modification, he only cursorily mentioned that ruling in his brief. The plaintiff merely stated that the appeal "arises out of the [court's] denying the [plaintiff's] motion for modification . . . and granting the [defendant's] motion for modification . . . ." His argument throughout his brief concerns only the plaintiff's motion. This state's appellate courts have routinely stated that "[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *State* v. *Vazquez*, 119 Conn. App. 249, 257, 987 A.2d 1063 (2010).

the alimony and suspend, reduce or terminate the payment of periodic alimony upon a showing that the [defendant] is living with another person under circumstances which the [c]ourt finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause a change of circumstances as to alter the [defendant's] financial needs." The agreement also provided that "[t]he alimony which has been agreed upon is predicated upon the [plaintiff's] salary structure of a current base gross salary from employment of $140,000.00 and [his] bonus for his performance [paid] once per year."

On June 2, 2008, the plaintiff filed a motion for modification in which he sought a decrease in the amount of alimony to be paid. The basis for the modification alleged in the motion was that the defendant was "residing with another person under circumstances which should result in a modification of the alimony order." On July 1, 2008, the defendant filed a motion for modification in which she sought an increase in the amount of alimony paid to her based on a substantial change in circumstances. See footnote 1 of this opinion. After hearing testimony and taking evidence on both motions over the course of three days, both counsel presented oral argument on each motion.[2] The court issued a memorandum of decision on November 4, 2008. In its decision, the court denied the plaintiff's motion for modification and granted the defendant's motion for modification. In addressing the plaintiff's motion, the court stated that the threshold issue to be determined was whether the plaintiff had proven that the defendant was cohabiting with another person. The court found that DeBroske slept over at the defendant's residence on weekends and " 'once in a blue moon' " on weekdays. The court, however, found that the plaintiff had failed to carry his burden of proving cohabitation because

---

[2] By agreement, the parties did not file posttrial briefs.

that arrangement was not sufficient to show that the defendant was cohabiting. The court further found that the plaintiff had failed to prove that the sleeping arrangement between the defendant and DeBroske had altered the defendant's financial needs and, therefore, denied the plaintiff's motion. The plaintiff moved for an articulation of the court's ruling, which the court subsequently denied.

On appeal, the plaintiff argues that because "regularly and consistently received gifts, whether in the form of contributions to expenses or otherwise, are properly considered in determining alimony awards to the extent that they increase the amount of income available for support purposes"; *Unkelbach* v. *McNary*, 244 Conn. 350, 360–61, 710 A.2d 717 (1998); the court erred in failing to consider as part of the defendant's gross income financial contributions she received from DeBroske regardless of a finding of cohabitation. Therefore, the plaintiff asserts, the court improperly denied his motion for modification. On the basis of our review of the record, we conclude that the plaintiff has raised this argument for the first time on appeal and, therefore, decline to afford it review.

The following additional facts and procedural history provide the necessary backdrop for our resolution of the plaintiff's claim. The plaintiff filed his motion for modification using form JD-FM-174 Rev. 8-07. On it, he alleged that the defendant was "residing with another person under circumstances which should result in a modification of the alimony order." Furthermore, that form indicated that the modification he sought was the termination, reduction, suspension or modification of his alimony obligation to the defendant. The record is bereft of any memorandum of law in support of his motion, either accompanying it or subsequently filed with the court. Also, as noted, the parties, by agreement, did not file any posttrial briefs in this matter. See footnote 2 of this opinion. Our thorough review of the transcripts reveals that the issue of the alleged financial

contributions of DeBroske to the defendant was squarely before the court. The issue, however, of whether the plaintiff's alimony should be modified regardless of any finding of cohabitation simply was not.

At the outset of the hearing, the court stated, without objection: "The plaintiff's motion . . . is based on a claim of cohabitation . . . . [Therefore, the court is] going to hear the plaintiff's motion, then hear the defendant's motion." At the commencement of the second day of the hearing on the plaintiff's motion, the court stated, again without objection: "When we were last here on August 18, [2008], we had commenced the plaintiff's motion regarding alimony and cohabitation." Later that day, during direct examination of the plaintiff by his counsel the following exchange took place:

"[The Plaintiff's Counsel]: All right. . . . [A]re you here today on a motion for modification that you're pursuing?

"[The Plaintiff]: Yes.

"[The Plaintiff's Counsel]: And, in the motion for modification that you're pursuing, what are you seeking?

"[The Plaintiff]: I'm seeking . . . to modify, reduce or eliminate the alimony that I pay [the defendant].

"[The Plaintiff's Counsel]: And, what is the basis for your motion?

"[The Plaintiff]: The basis for my motion is her cohabitation with . . . DeBroske.

"[The Plaintiff's Counsel]: [Okay]. Have you, on your own, done some independent investigating to determine whether or not [the defendant] was living with . . . DeBroske?

"[The Plaintiff]: Yes."

Later that day, the court asked the plaintiff's counsel, "[d]oes the [plaintiff] rest on the cohabitation motion?" to which she replied, "[y]es." After the defendant rested on that motion, the court asked the parties whether they preferred to have "final argument [then] on the cohabitation motion, and then final argument when we complete the defendant's modification motion" or have final arguments for each motion after the close of evidence in the defendant's motion? On October 16, 2008, the court heard closing argument on each motion. The plaintiff's counsel commenced her closing argument by stating: "As Your Honor is well aware, the law is perfectly clear; the court may, in its discretion, modify an alimony order upon a showing that the party receiving the alimony is living with another person, under circumstances, which the court believes should result in a modification or a suspension or a reduction or a termination in alimony because the living arrangements cause a change in circumstances so as to alter the financial needs of the party receiving the alimony." The plaintiff's counsel went on to argue that the court should not credit DeBroske's testimony. Rather, she urged the court to conclude from the evidence before it that DeBroske "was paying [the defendant] money, [the defendant] benefited from that money, [the defendant] was able to live well from that money and [DeBroske and the defendant] were living together." Not at any time during closing argument on the plaintiff's motion did his counsel argue that regardless of any cohabitation finding, the court should consider the alleged monetary gifts given to the defendant by DeBroske in deciding his motion to modify alimony.

In its memorandum of decision, the court, at the outset of addressing the plaintiff's motion, stated: "In this motion, the plaintiff seeks to reduce the amount of alimony based on a claim that the [defendant] is residing with another person under circumstances

[that] should result in a modification of the alimony order." The court went on to cite General Statutes § 46b-86 (b), as well as case law that sets out the two-pronged test utilized in determining whether the payment of alimony can be modified or terminated.[3] The court then determined that the plaintiff failed to prove that the defendant cohabited with another person. Moreover, the court went on to conclude that the plaintiff failed to prove that the defendant's relationship with DeBroske had altered her financial needs such that a modification in alimony payments should result.[4] The plaintiff filed a motion for articulation, requesting, among other things, that the court articulate whether it considered DeBroske's financial contributions regardless of cohabitation. The court denied the motion for articulation without comment.[5]

The plaintiff asserts that the court, in addressing the plaintiff's motion for modification, erred by failing to consider DeBroske's alleged contributions as a "stand-alone" change in circumstances requiring modification of alimony, even though the court found that DeBroske and the defendant were not cohabiting. The defendant

---

[3] We note that § 46b-86 (b) is commonly known as the cohabitation statute in dissolution actions. *Lehan* v. *Lehan*, 118 Conn. App. 685, 695, 985 A.2d 378 (2010); see also *Cushman* v. *Cushman*, 93 Conn. App. 186, 198, 888 A.2d 156 (2006). In accordance with the statute, "before the payment of alimony can be modified or terminated [on cohabitation grounds], two requirements must be established. First, it must be shown that the party receiving the alimony is cohabit[ing] with another individual. If it is proven that there is cohabitation, the party seeking to alter the terms of the alimony payments must then establish that the recipient's financial needs have been altered as a result of the cohabitation." (Internal quotation marks omitted.) *Cushman* v. *Cushman*, supra, 199.

[4] By all appearances, therefore, the court did address the issues underlying the second prong of the test—whether the defendant's financial needs were altered as a result of DeBroske's relationship with the defendant and his alleged monetary gifts to her—that the plaintiff claims on appeal were not addressed at trial.

[5] The plaintiff did not seek review of the court's denial of his motion for articulation pursuant to Practice Book § 66-5.

argues that the plaintiff did not raise this issue at trial, and, therefore, this court should not consider it on appeal. In his reply brief, the plaintiff avers that "[i]t is inconceivable that . . . [the plaintiff's counsel's] incessant hammering at the infusion of money into the [defendant's] coffers from [DeBroske's] largesse did not sufficiently alert [the court] and [the defendant] that this case turns on a change of financial circumstances." The plaintiff also contends that because a change in circumstance was a "stand-alone" reason for modification under § 46b-86 (a),[6] he should not be "punished" for the court's failure to address the change in the defendant's circumstance that resulted from DeBroske's alleged financial support. As a result, the plaintiff concludes, the court's "declination to find cohabitation place[d] this case squarely within § 46b-86 (a) and [required the court to engage in] an analysis of the financial changes, including [DeBroske's] contributions."

On the basis of our review of the record, we conclude that the legal grounds that the plaintiff offers in support of his claim on appeal were not raised in the trial court. These grounds include his claim that in addressing his motion for modification of alimony based on cohabitation, the court was required to engage in a "stand-alone" analysis of changed circumstances regardless of cohabitation. "It is well established that an appellate court is under no obligation to consider a claim that is not distinctly raised at the trial level. . . . [B]ecause our review is limited to matters in the record, we [also] will not address issues not decided by the trial court." (Citations omitted; internal quotation marks omitted.)

---

[6] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification . . . any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be . . . altered or modified by said court upon a showing of a substantial change in the circumstances of either party . . . ."

*Burnham* v. *Karl & Gelb, P.C.,* 252 Conn. 153, 170–71, 745 A.2d 178 (2000); see also Practice Book § 60-5 ("[t]he court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial"). "The requirement that [a] claim be raised distinctly means that it must be so stated as to bring to the attention of the court *the precise* matter on which its decision is being asked." (Emphasis in original; internal quotation marks omitted.) *State* v. *Colon,* 82 Conn. App. 658, 659, 847 A.2d 315, cert. denied, 269 Conn. 915, 852 A.2d 745 (2004); see also *Sgueglia* v. *Milne Construction Co.,* 212 Conn. 427, 432 n.5, 562 A.2d 505 (1989) (same); *McKiernan* v. *Caldor, Inc.,* 183 Conn. 164, 166, 438 A.2d 865 (1981) (issue "briefly suggested" in trial court is not distinctly raised). "The reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial— after it is too late for the trial court . . . to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party." (Internal quotation marks omitted.) *State* v. *Dalzell,* 282 Conn. 709, 720, 924 A.2d 809 (2007).

It therefore follows that "[a] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . ." (Internal quotation marks omitted.) *Council* v. *Commissioner of Correction,* 286 Conn. 477, 498, 944 A.2d 340 (2008). "The theory upon which a case is tried in the trial court cannot be changed on review . . . [much like] an issue not presented to or considered by the trial court cannot be raised for the first time on review." *Ritcher* v. *Childers,* 2 Conn. App. 315, 318, 478 A.2d 613 (1984); see also *Forest Walk, LLC* v. *Water Pollution Control Authority,* 291 Conn. 271, 290 n.15, 968 A.2d 345 (2009) (rejecting argument presented by plaintiff because it was "new theory" presented for first time on appeal); *Curry* v. *Allan S. Goodman, Inc.,* 286 Conn. 390, 425,

944 A.2d 925 (2008) (same). Accordingly, we decline to afford this claim review.

The judgment is affirmed.

In this opinion the other judges concurred.