******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DANA L. CLELFORD *v.* CHRISTOPHER D. BRISTOL
(AC 35729)

DiPentima, C. J., and Alvord and Harper, Js.

*Argued January 15—officially released May 13, 2014*

(Appeal from Superior Court, judicial district of Stamford-Norwalk, Hon. Stanley Novack, judge trial referee [dissolution judgment]; S. Richards, J. [motions for modification and for reconsideration].)

*Christopher D. Bristol*, self-represented, the appellant (defendant).

*Bruce S. Gordon*, with whom, on the brief, was *Dana L. Clelford*, self-represented, the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendant, Christopher D. Bristol, appeals from the judgment of the trial court denying his motion for modification of child support. On appeal, the defendant claims that his support obligation substantially deviated from the child support guidelines in the absence of the requisite findings that permit such a deviation.[1] We decline to reach the merits of the defendant's appeal due to an inadequate brief and an inadequate record. Accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are necessary for our discussion. The plaintiff, Dana L. Clelford, and the defendant were married in October, 2004. The parties have one child of the marriage. The plaintiff commenced a dissolution action on March 1, 2011. The court, *Hon. Stanley Novack*, judge trial referee, dissolved the marriage on January 17, 2012, and incorporated the written separation agreement of the parties as part of its judgment. The agreement provided for joint legal custody of the child, with primary residence with the plaintiff. It also stated that when the child entered kindergarten, a de novo review of the parenting plan would be conducted.

Article III of the agreement addressed child support and additional expenses. Paragraph 3.1 provides: "The [defendant] shall pay to the [plaintiff] the sum of $1,575.00 per month as and for the support of the minor child, until the child attains the age of eighteen (18), dies or becomes emancipated, whichever event first occurs, however, in the event that the child is still attending high school at the time the child attains the age of 18, then said support shall continue until such time as the child graduates from high school or attains the age of 19, whichever event shall first occur." The defendant also is required to pay for the child's medical insurance premiums, and the parties are to divide equally any unreimbursed medical expenses. Article IV of the agreement provides that neither party shall pay alimony to the other party.

On February 5, 2013, the defendant moved to modify the child support award and the parenting plan. He argued, inter alia, that the child support award deviated from the presumptive amount set forth in the child support guidelines and "[a]t the time this court entered judgment of dissolution, there was no specific finding made concerning the substantial deviation in child support that application of the amount contained in the child support guidelines would be inequitable or inappropriate." The defendant also sought a new parenting plan as set forth in the agreement because the child had enrolled in kindergarten. On April 3, 2013, the court, *S. Richards, J.*, denied the relief requested in the defendant's motion, except for the request for a de novo

hearing on the issue of the parenting plan. On April 23, 2013, the defendant filed a motion for reconsideration, which Judge Richards denied on May 9, 2013. On May 29, 2013, the defendant filed the present appeal. On the appeal form, he indicated that he was appealing from the May 9, 2013 "denial of Motion for Reconsideration concerning Motion for Post Judgment Modification of Child Support." The only transcript ordered by the defendant was from January 17, 2012, when Judge Novack dissolved the parties' marriage.

The sole issue raised in this appeal is whether the court improperly denied the motion for modification. The defendant, however, focuses his entire appellate argument on the events that occurred before Judge Novack. Specifically, he contends that because the required findings to allow a deviation from the child support guidelines were not made at the time of the dissolution judgment, he is entitled to a modification of his child support obligation.[2] We conclude that as a result of the inadequate brief and an inadequate record, we cannot review the defendant's claim on appeal.

"It is well settled that [w]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court." (Internal quotation marks omitted.) *Nowacki* v. *Nowacki*, 129 Conn. App. 157, 163–64, 20 A.3d 702 (2011); see also *Keating* v. *Ferrandino*, 125 Conn. App. 601, 603, 10 A.3d 59 (2010).

As previously noted, the defendant's appeal form stated that he was challenging the May 9, 2013 denial of the motion for reconsideration concerning the denial of his postjudgment motion for modification of child support before Judge Richards. The arguments presented in his brief, however, address the actions of Judge Novack during the hearing on the parties' agreement at the time of the dissolution. Specifically, the defendant contends that Judge Novack failed to make the findings on the record necessary to support a deviation from the child support guidelines. Aside from the statement that the motions for modification and reconsideration should have been granted, the defendant has failed to brief how or why the denial of

those motions was improper.

In *Corrarino* v. *Corrarino,* 121 Conn. App. 22, 23 n.1, 993 A.2d 486 (2010), we noted that the plaintiff's appeal form indicated that he was appealing from the court's ruling on the defendant's motion for modification. That matter, however, only cursorily was mentioned in the plaintiff's appellate brief. Id. Instead, the plaintiff focused his appellate argument on the denial of *his* motion for modification. Id. We concluded that the plaintiff had abandoned the claim regarding the ruling on the defendant's motion as a result of an inadequate brief. Id.

Citing *Corrarino,* we reached a similar result in *Deutsche Bank National Trust Co.* v. *Bertrand,* 140 Conn. App. 646, 648 n.2, 59 A.3d 864, cert. denied, 309 Conn. 905, 68 A.3d 661 (2013). In that case, the defendant indicated on his appeal form that he intended to challenge the trial court's denial of two motions to compel discovery, a motion to reargue one of the motions to compel discovery, a motion to dismiss and a motion to strike. Id. None of those matters was briefed by the defendant. Id. We again concluded that any claims of error with respect to those motions had been abandoned. Id.

In the present case, the defendant pursued an appeal from the denials of his postjudgment motions for modification and reconsideration. His brief, however, contains no legal argument or analysis of why the actions of Judge Richards in denying those motions should be reversed by this court. Therefore, as a result of the failure to adequately brief the ruling of the court appealed from, we conclude that the defendant abandoned his sole appellate claim.

Additionally, we further note that the defendant has failed to provide this court with an adequate record with respect to the proceedings before Judge Richards. The defendant filed his motion for modification on February 5, 2013, and indicated on the bottom of that motion that argument was requested and testimony was required.[3] A hearing was scheduled for April 1, 2013. A handwritten notation on the financial affidavits submitted by the plaintiff and the defendant indicates that these affidavits were filed "in court" on April 1, 2013. That same day, Judge Richards signed an order that noted that a hearing had commenced, unsealing the financial affidavits of the parties. Additionally, in the notice issued by the court on April 3, 2013, denying the defendant's motion for modification, Judge Richards stated that she had "heard" the motion.

The record strongly suggests that there were proceedings that occurred before Judge Richards regarding the motion for modification. The defendant, however, failed to provide this court with any transcript of proceedings before Judge Richards. Additionally, we are left to spec-

ulate as to what materials, if any, were provided to Judge Richards when she considered the defendant's motions. For example, although the defendant provided this court with a transcript from the January 17, 2012 hearing[4] during which Judge Novack discussed the proposed agreement with the parties, there is nothing in the record to indicate that this was provided to Judge Richards.

As the appellant, the defendant bears the burden of providing us with an adequate record. See *Quaranta* v. *King*, 133 Conn. App. 565, 570, 36 A.3d 264 (2012); see also Practice Book § 61-10.[5] When presented with an inadequate record, we are precluded from reviewing the claim on appeal. *Carmichael* v. *Stonkus*, 133 Conn. App. 302, 306, 34 A.3d 1026, cert. denied, 304 Conn. 911, 39 A.3d 1121 (2012). "It is not an appropriate function of this court, when presented with an inadequate record, to speculate as to the reasoning of the trial court or to presume error from a silent record. E.g., *McCarthy* v. *Cadlerock Properties Joint Venture, L.P.*, 132 Conn. App. 110, 118, 30 A.3d 753 (2011) ([o]ur role is not to guess at possibilities, but to review claims based on a complete factual record developed by [a] trial court . . . . This court does not presume error on the part of the trial court . . .). [T]he trial court's ruling is entitled to the reasonable presumption that it is correct . . . ." (Citation omitted; internal quotation marks omitted.) *Atelier Constantin Popescu, LLC* v. *JC Corp.*, 134 Conn. App. 731, 758, 49 A.3d 1003 (2012). As we are left to speculate as to the legal and factual bases for the denial of the motions for modification and reconsideration, we decline to review the defendant's claim.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff, in her brief and at oral argument before this court, correctly noted that the defendant, at the time of the judgment of dissolution when the court accepted the parties' separation agreement, had failed to complete a child support guidelines worksheet as required by Practice Book § 25-30 (e). She argues that pursuant to *Shaulson* v. *Shaulson*, 125 Conn. App. 734, 744, 9 A.3d 782 (2010), cert. denied, 300 Conn. 912, 13 A.3d 1102 (2011), this failure defeats the defendant's challenge to the court's failure to comply with the guidelines. This argument, however, fails in light of our Supreme Court's decision in *Tuckman* v. *Tuckman*, 308 Conn. 194, 61 A.3d 449 (2013). "We further note that this conclusion makes it unnecessary to consider the plaintiff's argument that we should follow the Appellate Court decision of *Bee* v. *Bee*, 79 Conn. App. 783, 788, 831 A.2d 833, cert. denied, 266 Conn. 932, 837 A.2d 805 (2003), which held that a party who has failed to submit a child support guidelines worksheet as required by Practice Book § 25-30 (e) cannot complain of the court's alleged failure to comply with the guidelines. We have never followed *Bee*. *We take this opportunity, however, to expressly overrule Bee.* We emphasize that [c]hild support orders must be based on the statutory criteria enumerated in . . . [General Statutes] § 46-84 of which one of the most important is the needs of the child. . . . It is incumbent upon the trial court to require child support worksheets before entering support orders. *We see no rational basis to affirm trial court orders that may not comply with the needs of the child, simply because a trial court did not require worksheets to be filed.*" (Citation omitted; emphasis added; internal quotation marks omitted.) *Tuckman* v. *Tuckman*, supra, 202 n.6.

[2] Our Supreme Court has "recognized that [t]he legislature also has provided for a commission to oversee the establishment of child support guidelines, which must be updated every four years, to ensure the appropriateness of child support awards . . . . General Statutes § 46b-215a. . . . Moreover, the legislature has thrown its full support behind the guidelines, expressly declaring that [t]he . . . guidelines established pursuant to section 46b-215a and in effect on the date of the support determination shall be considered in all determinations of child support amounts . . . . In all such determinations, there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support . . . . A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case, as determined under criteria established by the [commission] under section 46b-215a, shall be required in order to rebut the presumption in such case. . . . General Statutes § 46b-215b (a)." (Emphasis omitted; internal quotation marks omitted.) *Tuckman* v. *Tuckman*, 308 Conn. 194, 205, 61 A.2d 449 (2013); see also *Misthopoulos* v. *Misthopoulos*, 297 Conn. 358, 368, 999 A.2d 721 (2010).

[3] The plaintiff was served with a copy of the defendant's motion for modification and an unsigned copy of the order for a hearing on March 4, 2013.

[4] At that hearing, the plaintiff acknowledged to Judge Novack that the child support award set forth in the agreement exceeded the presumptive guideline amount of $237 per week and that she was waiving her right to alimony. She agreed that the agreement was fair, and the defendant indicated that he did not have any questions about the agreement. Judge Novack then expressly found that the agreement was fair and equitable, that the child support guidelines amount was $237 per week, and that the deviation was based on coordination of total family support. See Regs., Conn. State Agencies § 46b-215a-3.

[5] We are aware of Practice Book § 61-10 (b), which provides in relevant part: "The failure of any party on appeal to seek articulation pursuant to Section 66-5 shall not be the sole ground upon which the court declines to review any issue or claim on appeal. . . ." The official commentary to this rule of practice expressly provides that "[t]*he adoption of subsection (b) is not intended to preclude the court from declining to review an issue where the record is inadequate for reasons other than solely the failure to seek an articulation*, such as, for example, the failure to procure the trial court's decision pursuant to Section 64-1 (b) or *the failure to provide a transcript, exhibits or other documents necessary for appellate review*." (Emphasis added.) Practice Book § 61-10, commentary.